IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTINA SALDANA *ex rel.* :
BRIANNA NICOLE SALDANA
and CHRISTOPHER ANTONIO
SALDANA, :

    Plaintiffs,                         Case No. 3:15-cv-105

v.                               :     JUDGE WALTER H. RICE

LORETTA E. LYNCH, UNITED
STATES ATTORNEY GENERAL,
*et al.*,

    Defendants.

---

DECISION AND ENTRY OVERRULING PLAINTIFFS' MOTION FOR
LEAVE TO FILE SUR-REPLY (ECF #15); SUSTAINING DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (ECF #12);
JUDGMENT TO ENTER IN FAVOR OF DEFENDANTS AND AGAINST
PLAINTIFFS; TERMINATION ENTRY

---

At issue in this case is whether summary removal of an illegal alien violates the constitutional rights of his minor children. This matter is currently before the Court on Defendants' Motion to Dismiss for Failure to State a Claim, ECF #12, and on Plaintiffs' Motion for Leave to File a Sur-Reply, ECF #15.

**I.    Background and Procedural History**

Hugo Saldana-Ventura, an illegal immigrant, faced summary deportation to his native Mexico, following his recent release from federal prison. Immediately

before Saldana-Ventura's scheduled release, Christina Saldana, on behalf of her minor children, Brianna and Christopher Saldana, filed a Complaint against then-United States Attorney General, Eric Holder,[1] and Secretary of Homeland Security, Jeh Johnson, seeking a declaratory judgment that summary removal of Saldana-Ventura is contrary to law, and that certain immigration-related statutes are unconstitutional as applied to the children. ECF #1.

Plaintiffs also filed a Motion for Temporary Restraining Order, ECF #2, asking the Court for an Order prohibiting summary removal of Saldana-Ventura, pending disposition of the declaratory judgment action. On April 2, 2015, the Court overruled that motion, finding that Plaintiffs were unlikely to succeed on the merits of any of their claims. ECF #9. Saldana-Ventura was removed to Mexico on April 7, 2015. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants have now filed a Motion to Dismiss for Failure to State a Claim, ECF #12.

**II.    Plaintiffs' Motion for Leave to File a Sur-Reply (ECF #15)**

After Defendants' Motion to Dismiss was fully briefed, Plaintiffs moved for leave to file a sur-reply. ECF #15. Local rules provide for the filing of a motion, a memorandum in opposition, and a reply memorandum; however, "[n]o additional memoranda beyond those enumerated are permitted except upon leave of court for good cause shown." S.D. Ohio Civ. R. 7.2(a)(2).

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Loretta E. Lynch has been substituted as a party defendant.

Here, Plaintiffs have not satisfied their burden of establishing "good cause" for the filing of a sur-reply. Plaintiffs simply reiterate the arguments made in their memorandum in opposition. They point to no new arguments raised by Defendants in the reply brief. Accordingly, Plaintiffs' Motion for Leave to File a Sur-Reply, ECF #15, is OVERRULED. The Court will not consider that document in ruling on the pending Motion to Dismiss.

### III. Defendants' Motion to Dismiss for Failure to State a Claim (ECF #12)

Defendants move to dismiss Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiffs have failed to state a claim upon which relief can be granted.

#### A. Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d

471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)).  The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  In ruling on a 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis,* 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.*  Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555.  "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  Legal conclusions "must be supported by factual allegations" that give rise to an inference that the defendant is, in fact, liable for the misconduct alleged. *Id*. at 679.

4

**B.     Discussion**

Plaintiffs seek a declaratory judgment that the federal statutes setting forth the summary removal procedures for illegal aliens who are convicted felons, *i.e.*, 8 U.S.C. §§1182, 1225(b)(1)(A), 1227(a)(1)(B), 1228, 1242, and 1326, are unconstitutional as applied in this case. Plaintiffs allege violations of the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments, the Eighth Amendment, the Ninth Amendment, and the Tenth Amendment of the United States Constitution. They further allege that Saldana-Ventura's summary removal violates the principle of several international treaties, including The Universal Declaration of Human Rights, UNGA Res. 217 (III), 10 Dec., 1948, International Covenant on Economic, Social and Cultural Rights, UNGA Res. 220A (XXI), 16 Dec. 1966 (IESCR), and Universal Declaration Art. 12 ECHR, Convention on the Rights of the Child, 1989 UNGA Res. 44/25, 20 Dec. 1989, Arts. 9 and 16.

The Court has fully considered the parties' arguments, which are identical to the arguments raised in connection with Plaintiffs' earlier request for injunctive relief. For the reasons set forth in detail in the Court's Decision and Entry Overruling Plaintiffs' Motion for Temporary Restraining Order, ECF #9, the Court continues to believe that all of Plaintiffs' claims fail as a matter of law. Because Plaintiffs have failed to state a claim upon which relief can be granted, dismissal is warranted.

Moreover, even if the Court agreed that Plaintiffs had stated a viable claim with respect to the alleged violations, Plaintiffs face an additional hurdle in terms of the remedy they seek. Plaintiffs initially sought declaratory and injunctive relief. However, now that Saldana-Ventura has been removed to Mexico, only Plaintiffs' request for declaratory judgment remains.

In *Hamdi v. Napolitano*, 620 F.3d 615 (6th Cir. 2010), the Sixth Circuit held that, although the district court had jurisdiction to consider the question of whether the constitutional rights of a minor child of an illegal alien would be violated by his mother's removal from the United States, the district court had no authority to intervene in that removal. *Id.* at 626 (citing 8 U.S.C. § 1252(b)(9)). The court, however, stated, "[w]e express no opinion as to what types of requested relief could avoid § 1252's jurisdictional-bar provisions, and hold only that the relief requested here—the sole relief appropriate to redress Hamdi's injury in fact as presented on appeal—cannot be granted under current law." *Id.* at 629 n.16.

Seizing on this language in *Hamdi*, Plaintiffs in this case seek a declaratory judgment that the summary removal statutes are unconstitutional and illegal as applied to Saldana-Ventura's minor children. In the Court's view, because Saldana-Ventura has already been removed to Mexico, even if the Court agreed with Plaintiffs, it would be inappropriate to grant the relief requested.

The Declaratory Judgment Act provides, in relevant part, as follows:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party

6

seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). Notably, the Declaratory Judgment Act gives district courts "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). In the Court's view, it would be inappropriate to exercise that discretion, given the current status of this case.

A "case of actual controversy" is one that meets the requirements of a "case or controversy" under Article III of the United States Constitution. *Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007). The relevant question is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 127 (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). As one scholar has explained, "[t]he presence of a controversy must be measured at the time the court acts. It is not enough that there may have been a controversy when the action was commenced if subsequent events have put an end to the controversy." 10B Charles Alan Wright, et al., *Federal Practice and Procedure* § 2757 (3d ed. 1998).

When this lawsuit was initially filed, Saldana-Ventura was still in the United States. In seeking a declaratory judgment, his children argued that his summary removal, following his release from prison, would deprive them of financial support,

7

love and companionship, thereby violating their constitutional rights. After the Court denied Plaintiffs' Motion for Temporary Restraining Order, Saldana-Ventura was summarily removed to his native Mexico. His children are no doubt still suffering the adverse effects of his removal. However, there is no longer a "substantial controversy" of "sufficient immediacy" to warrant the issuance of a declaratory judgment.

Plaintiffs concede that the Court has no authority to order that Saldana-Ventura be returned to the United States. Even if the Court were to issue the requested declaratory judgment, it is not clear what purpose, if any, this would serve at this juncture. As a general rule, declaring past conduct to be unconstitutional constitutes an impermissible advisory opinion. *See Am. Civil Liberties Union of Mass. v. U.S. Conference of Catholic Bishops*, 705 F.3d 44, 53 (1st Cir. 2013). Where "the remedy sought is a mere declaration of law without implications for practical enforcement on the parties, the case is properly dismissed." 12 James Wm. Moore, *Moore's Federal Practice* § 57.22[5] (3d ed.) (quoting *Browning Debenture Holders' Comm. v. Dasa Corp.*, 524 F.2d 811, 817 (2d Cir. 1975)).

Here, there is no longer a live case or controversy, the questions raised are moot, and Plaintiffs have failed to establish that the case is capable of repetition, yet evading review. *See Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (explaining that an otherwise moot claim is not subject to dismissal where "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or

expiration, and (2) there was a reasonable expectation that the same complaining party would be subject to the same action again."). It is entirely speculative that Saldana-Ventura will reenter the United States illegally, be convicted of another crime, and again be subject to summary removal procedures. Therefore, even if the Court agreed with Plaintiffs that the summary removal statutes at issue were unconstitutional or violated international treaties, it would be inappropriate to grant the requested declaratory relief under the circumstances presented here.

The Court therefore SUSTAINS Defendants' Motion to Dismiss for Failure to State a Claim, ECF #12.

### IV. Conclusion

For the reasons set forth above, the Court OVERRULES Plaintiffs' Motion for Leave to File a Sur-Reply, ECF #15, and SUSTAINS Defendants' Motion to Dismiss for Failure to State a Claim, ECF #12, in its entirety.

Judgment shall be entered in favor of Defendants and against Plaintiffs.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

9

Date: August 19, 2015                    _____
                                         WALTER H. RICE
                                         UNITED STATES DISTRICT JUDGE